UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Real Property Located at 6107 Hogg Road, Marsing, Owyhee County, Idaho, being parcel number 009700010030, including any and all fixtures, improvements and appurtenances thereon; U.S. Currency including the sums of $16,084 and $102,000, more or less; Gold and Silver and coins including Two (2) Silver Dollar coins (1889 and 1922), Five (5) $10 Gaming Pieces, Seven (7) $10 Gaming pieces/coins, Fifteen (15) Engelhard 1-Troy-Ounce of Silver, Eight (8) 10-Ounce Silver Bars, One (1) 100-Ounce Gold/Silver Bar, One (1) Five-Ounce Silver Bar, One (1) Gold Colored Ring, One (1) Gold Colored Ring with Skull Carving, One (1) Austrian Philharmonics One-Ounce Gold Coin, Twenty-One (21) American Gold Eagle Liberty 1-Ounce Gold Coins, Twenty-six (26) Canadian Gold Maple Leaf One-Ounce Gold Coins, Ten (10) $10 gaming pieces from Las Vegas Casinos; One $20 Bill, and One (1) Gold Colored Ring with a Clear Stone; Three (3) $100 bills; Three (3) One-Ounce | Case No. 1:11-cv-00300-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**MOTION FOR DISCOVERY INCLUDING DEPOSITIONS (DKT. 126);**<br><br>**MOTION FOR CONTINUANCE OF DISPOSITIVE MOTIONS (DKT. 128);**<br><br>**MOTION TO QUASH DISCOVERY, OR, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER (DKT. 133);**<br><br>**MOTION FOR DEFAULT JUDGMENT AS TO NICHOLAS CORSON (DKT. 144);**<br><br>**MOTION TO ENFORCE CLAIMANT PACE'S PRODUCTION OF STIPULATED CONTACT INFORMATION FOR PONZO'S CHILDREN (DKT. 145); AND**<br><br>**MOTION TO EXTEND TIME TO REPLY TO RESPONSE (DKT. 148)** |

**MEMORANDUM DECISION AND ORDER - 1**

Canadian Maple Leaf Gold Coins; a
2002 Harley Davidson Motorcycle,
Idaho License MSM731; a 1952
Willey's Jeep, Idaho License 1A2D138;
and a 2002 Subaru Outback, VIN:
4S3BE896327203958,

                Defendants.

## INTRODUCTION

Pending before the Court are seven motions: (1) Claimant Ponzo's Motion for Discovery Including Depositions (Dkt. 126); (2) Ponzo's Second Motion for Continuance of Dispositive Motions (Dkt. 128); (3) the United States' Motion to Dismiss (Dkt. 132); (4) the United States' Motion to Quash Discovery, or alternatively, Motion for Protective Order (Dkt. 133); (5) the United States' Motion for Default Judgment as to Nicholas Corson (Dkt. 144); (6) Ponzo's Motion to Enforce Claimant Pace's Production of Stipulated Contact Information for Ponzo's Children (Dkt. 145).; and (7) Ponzo's Motion to Extend Time to Reply to Respond (Dkt. 148).[1] The Court will first address the status of the motion to dismiss before it addresses the other motions separately below.

### I. Notice of the Court Re: United States' Motion to Dismiss (Dkt. 132)

The United States filed a motion seeking to dismiss certain defendant property items and seeking also to dismiss the claims of Ponzo for lack of standing. (Dkt. 132.) In

---

[1] Three additional motions filed by Ponzo are also pending: (1) Motion to Suppress and Return Property for Evidentiary Hearing under Franks v. Delaware (Dkt. 140); (2) Motion to Suppress Evidence Seized Pursuant to Alleged Consent Search (Dkt. 141); and (3) Motion for Return of Property (Dkt. 143). However, the Court will address these related motions at a later date once the Motion for Return of Property and the United States' Motion to Dismiss are ripe for review.

**MEMORANDUM DECISION AND ORDER - 2**

consideration of footnote five in the motion and upon review of the record to date, the Court may consider matters outside the pleadings, and thus, may treat the motion as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). As such, the Court will provide Ponzo the opportunity to present any materials that are pertinent to the motion, i.e., any evidence that supports Ponzo's ownership interest in the Jeep, motorcycle, and the Subaru. If Ponzo chooses to file additional materials, he must do so with his sur-response to the United States' motion to dismiss on or before February 27, 2017.[2]

## II.  Discovery Motions (Dkt. 126, 133)

On October 24, 2016, Ponzo filed a motion seeking discovery and for leave of the Court to depose ten witnesses. (Dkt. 126.) The same day, Ponzo filed his First Set of Interrogatories, Request for Production of Documents and Request for Admissions addressed to the United States and various other individuals who are not parties to this civil forfeiture action.[3] (Dkt. 127).

The United States objects to Ponzo's motion for discovery and his request to depose ten witnesses and seeks an order quashing Ponzo's First Set of Interrogatories, Request for Production of Documents and Request for Admissions on the grounds Ponzo's

---

[2] The Court took into consideration Ponzo's incarcerated status and claimed delay in receiving his mail when imposing the deadline for the additional materials. As such, no additional extensions will be granted.

[3] Ponzo's First Set of Interrogatories, Request for Production, and Request for Admissions are addressed to: "the United States, Plaintiff and all of it's [sic]Agents, Officers, Witnesses, Informants and Prosecutors; Atty. Tyler S. Rounds; CW Cara Lyn Pace; Calvin Dale Pace (CI/Tipster); and all other Persons of Interest to the Claimant." (Dkt. 127.)

**MEMORANDUM DECISION AND ORDER - 3**

discovery requests are not relevant and not proportional to the needs of the litigants in this civil forfeiture action. (Dkt. 133.) Alternatively, the United States seeks a protective order under Rule 26(c)(A) of the Federal Rules of Civil Procedure forbidding the discovery requested by Ponzo until the Court resolves the United States' pending motion to dismiss. For the reasons that follow, the Court will deny Ponzo's discovery motion and his request for leave to take depositions, and will grant the United States' requested protective order as to Ponzo's First Set of Interrogatories, Request for Production of Documents and Request for Admissions.

As amended effective December 1, 2015, Fed. R. Civ. P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Dao v. Liberty Life Assurance Co. of Boston*, 2016 WL 796095, at *3 (N.D. Cal. Feb. 23, 2016) (quoting *Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016)).

**MEMORANDUM DECISION AND ORDER - 4**

As a threshold matter in a civil forfeiture action, a claimant must have both statutory standing and Article III standing to assert a claim of interest in defendant property. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989). Statutory standing can be established by meeting the filing requirements in Supplemental Rule G(5). To establish Article III standing, the claimant must "demonstrate a colorable interest in the defendant property, for example, by showing actual possession, control, title, or financial stake." *Real Prop. located at 5294 Bandy Rd., Priest River, Bonner Cty.,* 2014 WL 5513748, at *5, quoting *5208 Los Franciscos Way,* 385 F.3d at 1191. Only if the claimant has standing, can he challenge the merits of the civil forfeiture action: i.e., whether the defendant property items (to which he's asserted an ownership interest) are subject to forfeiture.

The Court has reviewed the discovery requested by Ponzo, and finds that it is not proportional to the issues remaining in this civil forfeiture action. Ponzo's discovery seeks to impose discovery obligations on persons not parties to this case. The discovery also seeks personal information about Ponzo's children, custody issues, family members, information connected to his already completed criminal case, including seeking to know who informed on him, who notified law enforcement of his true identity as a fugitive, who assisted with his capture in 2011, and who shared in a reward for his capture. And, the discovery seeks information about the health care providers for his former spouse and children, and copies of correspondence with his ex-spouse's attorney.

The requested information has no bearing on Ponzo's standing to assert a claim of interest in the defendant property items at issue—the Jeep, motorcycle, and Subaru—or

**MEMORANDUM DECISION AND ORDER - 5**

whether the remaining property items are subject to forfeiture. Accordingly, the Court will deny Ponzo's request for discovery and request to depose ten witnesses. For the same reasons, and pursuant to Fed. R. Civ. P. 26(c)(1)(A), the Court will grant the United States' motion for a protective order regarding Ponzo's First Set of Interrogatories, Request for Production of Documents and Request for Admissions.

### III. Ponzo's Motion for Continuance of Dispositive Motions (Dkt. 128)

Ponzo seeks to extend the deadline to file dispositive motions in this litigation, because Ponzo alleges he has not been able to conduct adequate discovery to support his own dispositive motion.[4] Ponzo did not indicate in his motion what specific discovery is needed to support a dispositive motion.

In consideration of the procedural posture of this matter, the Court does not find good cause to extend the dispositive motion deadline. Currently pending, but not ripe for review, is the United States' motion to dismiss—seeking to dismiss Ponzo's claims of interest in the remaining defendant property items. At this stage, the only dispositive motion Ponzo could file would involve the same issue that is before the Court in the United States' motion—standing. Moreover, if the United States prevails on its motion to dismiss, Ponzo will not have standing to file a dispositive motion. As such, the Court will at this time deny Ponzo's request to extend the dispositive motion deadline.

---

[4] Ponzo does not argue that additional discovery is necessary for him to respond to and address the standing issues raised in the United States' motion to dismiss. (Dkt. 132.)

**MEMORANDUM DECISION AND ORDER - 6**

### IV. United States' Motion for Default Judgment (Dkt. 144)

Pending before the Court is the United States' motion for an order of default judgment as to Nicholas Corson pursuant to Fed. R. Civ. P. 55(b). (Dkt. 144.) The record reflects that, on August 12, 2011, the United States served Nicholas Corson with a copy of the Verified Complaint *In Rem* and Notice of Complaint of Forfeiture against Personal Property. On December 6, 2016, the Clerk entered default as to Nicholas Corson. (Dkt.139.) The United States filed its Motion for Entry of Default Judgment as to Nicholas Corson on December 14, 2016. (Dkt. 144.) To date, Nicholas Corson has not answered the Complaint, nor has he responded to the Motion for Entry of Default Judgment. It further appears from the record that Nicholas Corson is neither a minor nor an incompetent or incapacitated person, nor in the military service of the United States.

In consideration of the above, the Court will grant the United States' Motion for Default Judgment as to Nicholas Corson. (Dkt. 144.) Nicholas Corson is declared to be in default and a default judgment is hereby entered of record in favor of the United States against Nicholas Corson, forfeiting any and all right, title and interest of Nicholas Corson in the defendant property herein, specifically, the Jeep and motorcycle.

### V. Motion to Enforce Claimant Pace's Production of Stipulated Contact Information for Ponzo's Children (Dkt. 145)

Ponzo seeks an order compelling Claimant Pace, Ponzo's ex-spouse, to produce contact information for their children. According to Ponzo, as a condition of his agreement to the Stipulation approved by this Court (where Ponzo agreed to forfeit any and all right to the Hogg Road defendant real property to Pace and for the benefit of their

children, in trust), Pace promised to provide him with their children's contact information. (Dkt. 71,74.) Ponzo contends now that the contact information provided to him was "fictitious" as his children have not responded to his emails.

The Court does not have jurisdiction to compel Pace to produce the contact information for her children. Upon review of the Court approved Stipulation (Dkt. 71, 74), there are no terms in the Stipulation that require Pace to provide Ponzo with current contact information of their children. As such, the Court will deny Ponzo's motion.

### VI.  Motion to Extend Time to Reply to Response (Dkt. 148)

Ponzo seeks a 30-day extension to reply to the United States' response to his Motion for Return of Property. (Dkt. 142, 147.) The Court construes Ponzo's Motion for Return of Property as part of his response to the United States' motion to dismiss, and thus, construes his request to file a reply, as a request to file a sur-response to the United States' reply to the motion to dismiss. The United States' does not object to Ponzo's request. (Dkt. 149.)

Finding good cause appearing therefor, the Court will grant Ponzo's motion. To account for the delay caused by Ponzo's incarcerated status and geographical location, the Court will extend the deadline by 45 days. Ponzo must file his combined reply and sur-response no later than February 27, 2017.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Ponzo must provide additional materials in support of his purported ownership interest in the defendant property—Jeep, motorcycle, and Subaru—on or before **February 27, 2017**;

2) Ponzo's Motion for Discovery Including Depositions (Dkt.126) is **DENIED**;

3) Ponzo's Second Motion for Continuance of Dispositive Motions (Dkt. 128) is **DENIED**;

4) The United States' Motion for Protective Order (Dkt. 133) is **GRANTED**;

5) The United States' Motion for Default Judgment against Nicholas Corson (Dkt. 144) is **GRANTED;**

6) Ponzo's Motion to Enforce Claimant Pace's Production of Stipulated Information for Ponzo's Children (Dkt. 145) is **DENIED**; and

7) Ponzo's Motion to Extend Time to Reply to Respond (Dkt. 148) is **GRANTED**. Ponzo's combined reply and sur-response must be filed on or before **February 27, 2017.**

Dated: **January 13, 2017**

Honorable Candy W. Dale
United States Magistrate Judge