UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

Real Property Located at 6107 Hogg Road, Marsing, Owyhee County, Idaho, being parcel number 009700010030, including any and all fixtures, improvements and appurtenances thereon; U.S. Currency including the sums of $16,084 and $102,000, more or less; Gold and Silver and coins including Two (2) Silver Dollar coins (1889 and 1922), Five (5) $10 Gaming Pieces, Seven (7) $10 Gaming pieces/coins, Fifteen (15) Engelhard 1-Troy-Ounce of Silver, Eight (8) 10-Ounce Silver Bars, One (1) 100-Ounce Gold/Silver Bar, One (1) Five-Ounce Silver Bar, One (1) Gold Colored Ring, One (1) Gold Colored Ring with Skull Carving, One (1) Austrian Philharmonics One-Ounce Gold Coin, Twenty-One (21) American Gold Eagle Liberty 1-Ounce Gold Coins, Twenty-six (26) Canadian Gold Maple Leaf One-Ounce Gold Coins, Ten (10) $10 gaming pieces from Las Vegas Casinos; One $20 Bill, and

Case No. 1:11-cv-00300-CWD

**MEMORANDUM DECISION AND ORDER RE: DKTS. 132, 140, 141, 143, and 152**

One (1) Gold Colored Ring with a Clear Stone; Three (3) $100 bills; Three (3) One-Ounce Canadian Maple Leaf Gold Coins; a 2002 Harley Davidson Motorcycle, Idaho License MSM731; a 1952 Willys Jeep, Idaho License 1A2D138; and a 2002 Subaru Outback, VIN: 4S3BE896327203958,

Defendants.

## INTRODUCTION

This is a civil asset forfeiture action under 18 U.S.C. § § 981(a)(1)(A) and (C), and 21 U.S.C. § 881(a)(6). The United States of America brings the action *in rem* against real property located at 6107 Hogg Road in Marsing, Idaho, and other various property items. Claimant Enrico Ponzo resided at the Hogg Road residence until February 7, 2011, when he was arrested for unlawful flight to avoid prosecution. Ponzo claims interests in certain property items remaining in this action.[1]

Pending before the Court are five motions: (1) United States' Motion to Dismiss (Dkt. 132); (2) Ponzo's Motion to Suppress and Return Property and for Evidentiary Hearing (Dkt. 140); (3) Ponzo's Motion to Suppress Evidence Seized Pursuant to Alleged Consent Search on March 28, 2011 (Dkt. 141); (4) Ponzo's Motion for Return of

[1] The only assets which remain at issue in this proceeding include:

a. Ten (10) gaming pieces;
b. One (1) clear stone ring;
c. 2002 Harley-Davidson motorcycle;
d. 1952 Willys Jeep; and
e. 2002 Subaru Outback

United States' Updated Notice of Status, at 2. (Dkt.103.)

Property (Dkt. 143); and (5) Ponzo's Motion to Grant Unopposed Motions to Suppress and Return Property (Dkt. 152).

Pursuant to 28 U.S.C. § 636(c), the parties consented to the exercise of jurisdiction over this matter by the undersigned United States Magistrate Judge. (Dkt. 20.) In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the pending motions will be decided on the record and without oral argument. Dist. Idaho L. R. 7.1(d).

## FACTUAL BACKGROUND

Enrico Michael Ponzo was indicted by a federal grand jury in the District of Massachusetts in April of 1997. He was charged with conspiracy to commit murder, interference with commerce by threats or violence, violent crimes in aid of racketeering, RICO violations, and firearms violations. Many of the charges stemmed from Ponzo's involvement in the New England La Cosa Nostra in the late 1980's. On February 7, 2011, Ponzo, under the alias name of Jeffery John Shaw, was arrested near his residence at 6107 Hogg Road, in Marsing, Idaho, and charged with unlawful flight to avoid prosecution. Finger print comparisons and his oral admissions during his appearance in federal court in Boise on February 9, 2011, confirmed his identity as Enrico Michael Ponzo, and he was extradited to Boston.

On January 31, 2013, a federal grand jury sitting in the District of Massachusetts returned a Superseding Indictment charging Ponzo with 18 federal offenses, including Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). The Indictment contained a drug forfeiture allegation,

pursuant to 21 U.S.C. § 853, which provided for the forfeiture upon conviction of Ponzo of all proceeds he obtained as a result of the drug offenses, and all property which facilitated his drug trafficking offense. The drug forfeiture allegation identified specific items as forfeitable and also alleged that the United States would seek a money judgment of $1,500,000.00 derived from the distribution of marijuana between October of 1994 and March of 1999.

On November 20, 2013, after a 26-day trial, a jury found Ponzo guilty of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), in addition to racketeering conspiracy, conspiracy to commit murder in aid of racketeering, using or carrying a firearm during a crime of violence, conspiracy to launder money, and money laundering. The jury further found that the United States established the requisite nexus between Ponzo's counts of conviction and the defendant "Hogg Road" real property, and the jury returned special verdicts of forfeiture as to the currency and gold coins which are also named in this forfeiture action.

Ponzo was sentenced on or about April 28, 2014, to approximately 28 years for the above listed convictions. The United States District Court in Boston entered a Preliminary Order of Forfeiture on May 1, 2014, ordering the forfeiture of specific assets including the real property at Hogg Road and the currency, gold, and personal property which were also defendant properties in this Idaho civil case.[2] (Dkt. 142-1.) The Boston court also entered a Preliminary Order of Forfeiture against Ponzo in the criminal case in

[2] There is overlap of some defendant property items between the Massachusetts case, the Idaho criminal case, and this Idaho civil forfeiture action, as explained further by the chart below.

the form of a personal money judgment in the amount of $2,250,000.00 (MA Dkt. No. 2016). Each Preliminary Order was final as to Ponzo pursuant to Rule 32.2(b)(4)(A), Federal Rules of Criminal Procedure. A "Final Order of Forfeiture (Specific Assets)" was entered by the United States District Court for the District of Massachusetts (Boston) on July 14, 2015. (Dkt. 132-1.)

**PROCEDURAL HISTORY**

On June 29, 2011, the United States filed the instant *in rem* forfeiture action in the District of Idaho, naming the following as defendant property items:

1. 6107 Hogg Road
2. Twenty-six $50 bills
3. One-hundred-twenty-two $100 bills
4. Eight $100 bills
5. One $40 bill
6. One $20 bill
7. Seventeen $100 bills
8. One $10 bill
9. Four $1 bills
10. One $20 bill
11. Thirty-four $50 bills
12. One-thousand three $100 bills
13. Three $100 bills
14. Two silver coins (1889 and 1922)
15. Fifteen Engelhard 1 trop ounce of silver
16. Eight 10 troy ounces silver bars
17. One 100-ounce gold/silver bar
18. One 5-ounce silver bar
19. Five $10 gaming pieces
20. Seven $10 gaming pieces
21. One gold colored ring
22. One gold colored ring with skull
23. Ten gaming pieces from Las Vegas Casinos
24. One Australian Gold Philharmonics 1-ounce gold coin
25. Twenty-one American Gold Eagle Liberty 1-ounce gold coins
26. Twenty-six Canadian Gold Maple Leaf 1 once gold coins
27. One gold colored ring with a clear stone
28. Three Canadian Maple Leaf 1-ounce gold coins
29. 2002 Harley-Davison motorcycle, Idaho License MSM731, registered to Robert Lorenzo Corson
30. 1952 Willys Jeep, Idaho License 1A2D138, registered to Nicholas Robert Corson
31. 2002 Subaru Outback, registered to Kelly Verceles (deceased)

(Dkt. 1.)

Notice was published and served on Ponzo in this civil case, and he filed a claim of interest in several of the defendant properties on October 7, 2011, via his attorney. (Dkt. 13.) He also filed several additional claims, adding and leaving out various assets as summarized in the following chart:

| DATE | DKT. NO. | ACTION |
|---|---|---|
| 10/7/2011 | 13 | Claim of Enrico Ponzo (by his attorney). Claiming interest as owner to:<br>• 6107 Hogg Rd.<br>• Currency amounting to $102,000.00 seized from Hogg Rd.<br>• Forty-eight one-ounce gold coins seized from Hogg Rd.<br>• One gold colored ring with clear stone<br><br>In the claim, Ponzo's attorney indicated "some items contained in the verification are no longer being contested by Claimant Ponzo." The verification includes the three conveyances described above. Among the items included Harley-Davidson motorcycle, the Jeep, and the Subaru. |
| 10/11/2011 | 14 | Pro-se Claim of Enrico Ponzo, adding:<br>• $84 in cash seized from him person at time of arrest<br>• One Australian Gold Philharmonics 1-ounce gold coin<br>• Twenty-nine Canadian Gold Maple Leaf 1 once gold coins<br>• Twenty-one American Gold Eagle Liberty 1 ounce gold coins |
| 7/13/2012 | 28 | Pro-se Claim of Enrico Ponzo, adding:<br>• 2002 Subaru Outback, registered to Kelly Verceles |
| 1/2/2015 | 51 | Second Amended Notice of Verified Claim (attorney Jeff Brownson), adding:<br>• Eight $100 bills<br>• Ten $10 gaming pieces from Las Vegas Casinos<br>• 2002 Harley-Davison motorcycle<br>• 1952 Willy's Jeep<br>• 2002 Subaru Outback |

| | | |
|---|---|---|
| 1/6/2015 | 53 | Pro-se Amended Notice of Verified Claim filed by Ponzo (including the Ten (10) Gaming Pieces, the Subaru, the Jeep, and the Harley-Davidson motorcycle). |

On March 11, 2015, the Court stayed this civil forfeiture action until entry of a final judgment in the Idaho criminal case. (Dkt. 77.) On June 6, 2016, the Court lifted the stay. (Dkt. 107). The current status of each individual asset included in this action follows:

| **No.** | **Asset** | **Status** |
|---|---|---|
| 1 | 6107 Hogg Road | Returned to Cara Pace (Dkt. 71, 74.) |
| 2 | Twenty-six $50 bills | Forfeited by Boston Final Order of Forfeiture ("FOF") |
| 3 | One-hundred-twenty-two $100 bills | Forfeited by Boston FOF |
| 4 | Eight $100 bills | Forfeited by Boston FOF |
| 5 | One $40 bill | Forfeited by Boston FOF |
| 6 | One $20 bill | Forfeited by Boston FOF |
| 7 | Seventeen $100 bills | Forfeited by Boston FOF |
| 8 | One $10 bill | Forfeited by Boston FOF |
| 9 | Four $1 bills | Forfeited by Boston FOF |
| 10 | One $20 bill | Forfeited by Boston FOF |
| 11 | Thirty-four $50 bills | Forfeited by Boston FOF |
| 12 | One-thousand three $100 bills | Forfeited by Boston FOF |
| 13 | Three $100 bills | Forfeited by Boston FOF |
| 14 | Two silver coins (1889 and 1922) | Forfeited by Idaho Judgment |

| | | |
|---|---|---|
| 15 | Fifteen Engelhard 1 trop ounce of silver | Forfeited by Idaho Judgment |
| 16 | Eight 10 troy ounces silver bars | Forfeited by Idaho Judgment |
| 17 | One 100-ounce gold/silver bar | Forfeited by Idaho Judgment |
| 18 | One 5-ounce silver bar | Forfeited by Idaho Judgment |
| 19 | Five $10 gaming pieces | Forfeited by Idaho Judgment |
| 20 | Seven $10 gaming pieces | Forfeited by Idaho Judgment |
| 21 | One gold colored ring | Forfeited by Idaho Judgment |
| 22 | One gold colored ring with skull | Forfeited by Idaho Judgment |
| 23 | Ten gaming pieces from Las Vegas Casinos | **Pending** |
| 24 | One Australian Gold Philharmonics 1 ounce gold coin | Forfeited by Boston FOF |
| 25 | Twenty-one American Gold Eagle Liberty 1 ounce gold coins | Forfeited by Boston FOF |
| 26 | Twenty-six Canadian Gold Maple Leaf 1 once gold coins | Forfeited by Boston FOF |
| 27 | One gold colored ring with a clear stone | **Pending** |
| 28 | Three Canadian Maple Leaf 1 ounce gold coins | Forfeited by Boston FOF |
| 29 | 2002 Harley-Davidson motorcycle, Idaho License MSM731, registered to Robert Lorenzo Corson | **Pending** |
| 30 | 1952 Willys Jeep, Idaho License 1A2D138, registered to Nicholas Robert Corson | **Pending** |
| 31 | 2002 Subaru Outback, registered to Kelly Verceles (deceased) | **Pending** |

The following defendant property items remain in dispute:

23. Ten gaming pieces from Las Vegas Casinos;

27. One gold colored ring with a clear stone;

29. 2002 Harley-Davidson motorcycle, Idaho License MSM731, registered to Robert Lorenzo Corson;

30. 1952 Willy's Jeep, Idaho License 1A2D138, registered to Nicholas Robert Corson; and

31. 2002 Subaru Outback, registered to Kelly Verceles (deceased).

## DISCUSSION

### I. Motion to Dismiss (Dkt. 132.)

On November 11, 2016, the United States filed its motion seeking to dismiss, as defendant property items, the gaming pieces, the gold colored ring with a clear stone, and all of the previously forfeited property items. (Dkt. 132.) The United States seeks also an order dismissing Ponzo's claims of interest to the Harley-Davison motorcycle, the Jeep, and the Subaru for lack of standing. *Id.* On January 13, 2017, the Court provided notice of its intent to convert the motion to dismiss into a motion for summary judgment and provided Ponzo the opportunity to present additional evidence to the Court.[3] The Court will discuss dismissal of the property items and dismissal of Ponzo's claims of interest separately below.

[3] The Court is aware Ponzo is incarcerated in West Virginia and recognizes from Ponzo's signatures on his briefs that its takes about one week for his outgoing mail to reach Idaho. The Court factored in this delay by providing Ponzo 45 days to gather and mail his additional materials for the Court's consideration.

**A. Dismissal of Ring and Gaming Pieces**

The United States seeks an order dismissing the following property items in this case: the gold colored ring with a clear stone; and the ten $10 gaming pieces from Las Vegas casinos. Dismissal is sought under Fed. R. Civ. P. 41(a)(2), which provides that: "an action may be voluntarily dismissed at the plaintiff's request, only by court order, on terms that the court considers proper." For the following reasons, the Court will grant dismissal of these defendant property items.

The United States contends dismissal of the gold colored ring with a clear stone and the ten $10 gaming pieces from Las Vegas casinos is proper as dismissal would save further expenditure of public and private resources which would otherwise be out of proportion to the value of the items at issue. The United States contends also that these two property items are the only remaining defendant properties to which legal claims may be made. Ponzo does not oppose dismissal of these items from the Complaint. Upon consideration of the reasons offered in support of dismissal articulated by the United States, and Ponzo's non-opposition, the Court finds dismissal of the ring and casino gaming pieces proper under Rule 41(a)(2). Accordingly, the Court will dismiss the forfeiture claims as to these two defendant property items and will order they be returned to Ponzo. The Court finds also that dismissal of the previously forfeited defendant property items is proper. As such, the Court will grant the United States' motion in this regard.

**B. Dismissal of Ponzo's Remaining Claims of Interest**

The United States seeks an order dismissing Ponzo's remaining claims to the three vehicular property items—the Jeep, motorcycle, and Subaru. With regard to the Jeep and the motorcycle, the United States contends Ponzo lacks statutory standing to challenge forfeiture of these items because Ponzo did not include these items in his Court-approved claim of interest. The United States contends also that Ponzo lacks Article III standing to challenge the forfeiture of the Jeep, motorcycle, and Subaru, because Ponzo cannot prove he has a legal interest to any of these vehicles. Alternatively, the United States argues that, even if Ponzo can establish a legal ownership to these vehicles, his claims of interest fail because Ponzo cannot prove he is an innocent owner of the vehicles.[4] For the reasons that follow, the Court will convert the motion to dismiss Ponzo's remaining claims into a motion for summary judgment, and will grant the motion.

**1. Standard**

This forfeiture action arises under 18 U.S.C. § 981(a)(1)(A), which applies to assets involved Ponzo's the unlawful flight to avoid prosecution. "A claimant's standing to contest a forfeiture proceeding is a threshold matter that must be resolved before addressing the merits of the asset forfeiture claim." *United States v. Various Coins*, 2013 WL 1183312, at *2 (D. Or. Mar. 21, 2013), citing *United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004). A

[4] The Court does not address the innocent ownership defense raised by the United States, as the Court finds Ponzo lacks standing to assert claims of interest with regard to the remaining vehicular defendant items.

forfeiture claimant must establish both Article III and statutory standing. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989).

**2. Statutory Standing**

The United States argues Ponzo lacks statutory standing to challenge the forfeiture of the Jeep and the motorcycle, because Ponzo's claims to these defendant vehicle items were not timely included in Ponzo's Court-approved claim. Ponzo's response did not address this aspect of the Government's motion to dismiss. For the reasons that follow, the Court finds Ponzo does not have statutory standing to challenge the forfeiture of the Jeep and the motorcycle.

To establish statutory standing in a civil forfeiture action, the claimant must comply with the procedural requirements of 18 U.S.C. § 983(a)(4), as well as those in the Supplemental Rules. Pursuant to Rule G(5)(a)(i) of the Supplement Rules, any person who asserts an interest in a defendant property item "may contest [its] forfeiture by filing a claim in the court where the action is pending." The claim must be filed "by the time stated in a direct notice sent under Rule G(4)(b)." Rule G(5)(a)(ii)(A). The government, in turn, may move to strike a claim at any time before trial, if a claimant fails to comply with Rule G(5), or if the claimant lacks standing. Supplemental Rule G(8)(c)(i)(B). The motion "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing, or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Supplemental Rule G(8)(c)(ii)(B).

The requirements set out in 18 U.S.C. § 983(a)(4) and Supplemental Rule G(5) are strictly enforced, and any person who fails to abide by the requirements lacks statutory standing to contest the forfeiture. *See United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cty.*, 787 F.3d 968, 974 (9th Cir. 2015) ("This circuit and others have stated that standing to contest a forfeiture action can be conditioned on strict compliance with filing requirements."). Nevertheless, the term "standing" in this context is somewhat of a misnomer, as district courts have "discretion to overlook the failure to conform to the requirements of forfeiture claim rules." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012 (9th Cir. 2013); *Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d at 974. Factors for the court to consider include "whether the deficiency prejudiced the government" and "whether it was a strategic attempt to gain some advantage." *$11,500.00 in U.S. Currency,* 710 F.3d at 1012.

On September 6, 2011, Notice of Civil Forfeiture was personally served on Ponzo pursuant to Rule G(4)(b)(i). (Dkt. 23-1.) The Notice advised Ponzo that he must file a claim of interest within 35 days from the first day of the publication of the Notice. At the latest, the deadline to file a claim of interest was October 11, 2011. Ponzo filed a claim of interest in several of the defendant properties on October 7, 2011, via his attorney. (Dkt. 13.) The Jeep and motorcycle were not included in the claim of interest. In the claim of interest, Ponzo's attorney indicated "some of the items contained in the [attached pro-se] verification are no longer being contested by Claimant Ponzo." (*Id.* at 2.) The items contained in the pro se verification, but not contested in the claim of interest, included the

Jeep and the motorcycle.[5] (Dkt. 13-1.) Nearly two years later, on January 2, 2015, Ponzo's new attorney filed a Second Amended Notice of Verified Claim without leave of Court, claiming interest to, among other items, the Jeep and the motorcycle. (Dkt. 51.) The Second Amended Notice of Verified Claim, while never opposed directly by the United States, was not approved by the Court.[6]

Ponzo did not file a claim of interest for the Jeep or motorcycle until January 2, 2015—over three years after the deadline and in direct contravention of Supplemental Rule G(5)(a)(ii)(B). Neither Ponzo nor his attorney at the time included any explanation for the delay. While the Court finds no evidence that the delay resulted in any prejudice to the Government or was a strategic attempt by Ponzo to gain an advantage, the lack of these factors do not necessarily compel the Court to overlook the defect in Ponzo's claim of interest. Troubling is Ponzo's silence as to his failure to timely file a claim of interest in the Jeep and the motorcycle: as indicated by the timely filing of his original notice of interest, Ponzo was aware of the strict filing requirements. And, as evidenced by his pro se verified claim, Ponzo knew the Jeep and motorcycle were subject to civil forfeiture as early as October of 2011. Moreover, the Notice specifically warned Ponzo that failure to file a verified claim would result in an order of default and forfeiture. (Dkt. 23-1 at 2.)

---

[5] On June 13, 2012, Ponzo filed an amended notice of verified claim, which the Court approved on December 6, 2012. (Dkt. 28, 33.) The amended notice of verified claim included a claim of interest in the Subaru but not the other vehicular defendant property items. (Dkt. 28-1.)

[6] Within one week of filing the Second Amended Verified Claim, the United States filed a Motion to Stay this civil forfeiture action, which was granted by the Court. (Dkt. 55, 77.)

Ponzo cannot, without any explanation, disregard the clear requirements for filing a claim of interest in this action.

By failing to strictly adhere to Supplemental Rule G(5), or seeking leave of Court to amend his notice of verified claim to include the Jeep and the motorcycle, Ponzo lacks statutory standing to contest the United States' forfeiture of these defendant property items. Accordingly, the Court will grant the United States' motion to dismiss Claimant Ponzo's belated claims of interest to the Jeep and the motorcycle.

**3. Article III Standing**[7]

To have Article III standing to challenge an *in rem* civil forfeiture action, a claimant must establish an injury in fact, a causal connection between the injury and the conduct complained of, and that it is likely the injury will be redressed by a favorable decision. *United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012).

At the summary judgment stage, a civil forfeiture claimant can meet this burden by producing "some evidence of ownership" at the time he filed his claim of interest. *Id.* at 638; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed.*") (emphasis in original) (internal citation omitted). However, the burden is not a heavy one; "the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *Real Prop.*

---

[7] Although the Court determined Ponzo lacks statutory standing to assert claims of interest in the Jeep and motorcycle, the Court alternatively finds Ponzo lacks Article III standing to assert claims of interest in these items as well.

*located at 5294 Bandy Rd., Priest River, Bonner Cty.*, 2014 WL 5513748, at *5, quoting *5208 Los Franciscos Way*, 385 F.3d at 1191.

Ownership interest is determined by the law of the state in which the interest arose—here, Idaho. *5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d at 1191.Title 49 of the Idaho Code governs ownership rights in motorized vehicles. In particular, Idaho Code Section 49-503 provides:

> no person acquiring a vehicle from the owner, whether the owner is a dealer or otherwise, shall acquire any right, title, claim or interest in or to the vehicle until he has issued to him a certificate of title to that vehicle….

It is undisputed Ponzo does not hold title to the Jeep, motorcycle, or Subaru.[8] Nor does Ponzo assert actual possession or control over the vehicular defendant properties. Rather, Ponzo contends he has a financial stake in the vehicles because the registered owners of the vehicles stole money from Ponzo and used the stolen money to purchase the vehicles. In support of his argument, Ponzo alleges he received a judgment in small claims court in Owyhee County against the registered owners of the Jeep and Harley-Davidson motorcycle in the amounts of $1,500 and $5,000.

While the United States does not dispute money was stolen from Ponzo, they argue Ponzo's judgments against the registered owners of the vehicles alone do not confer standing upon Ponzo to challenge the civil forfeiture of the vehicles. In support of the United States' argument, it likens Ponzo's interest to that of an unsecured creditor,

---

[8] The Jeep is registered to Nicholas Corson, the motorcycle to Robert Corson, and the Subaru to Kelly Verceles. (Dkt. 142 at 5; 142-1 at 3-4; 141 at 17.) The record does not indicate Ponzo has a money judgment against Verceles.

that federal courts consistently have held: "do not have standing to challenge forfeiture of another person's property." *See United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir. 1994). For the reasons that follow, the Court agrees with the United States.

Ponzo's property interest in the three vehicles is no better than that of an unsecured creditor with a claim to a dollar amount, but no claim to a specific asset. In an *in rem* forfeiture proceeding, such as this one, the property is the subject of the Court's jurisdiction; a general claim to money owed is not proper because it is not a claim to the specific property. Unless and "until [the creditor] obtains a judgment and reduces that judgment to a lien against the specific property, the creditor has no specific interest in the car in the wrongdoer's garage or the money in his wallet." Stefan D. Casella, *asset Forfeiture Law in the United States* § 10-5(c), pp. 430-33 (2nd ed. 2013).

Ponzo makes no argument, nor is there evidence in the record to suggest, that Ponzo had an ownership interest in any of the three defendant vehicles at the time he filed his claim of interest on October 7, 2011.[9] (Dkt. 13.) On February 21, 2017, in response to the opportunity to provide additional evidence of an ownership-interest in the vehicular defendants, Ponzo submitted liens to the Owyhee County Clerk's Office against the Harley-Davidson motorcycle, Jeep, and Subaru.[10] (Dkt. 155-1.) These 2017 liens fail to demonstrate Ponzo had an ownership interest in the vehicular defendants at the time he

---

[9] The claim of interest was asserted only against the Subaru.

[10] The liens are in the amount of $8,500.00 against the Harley-Davidson motorcycle, $10,000.00 against the Subaru, and $5,000.00 against the Jeep. (Dkt. 155-1 at 3-4, 6.) The Court need not make a determination as to the validity of the liens. However, the Court notes there is no evidence that these liens were perfected, and notes also that the values placed on the liens far exceed the $1,500 and $5,000 money judgments Ponzo obtained against Robert and Nicholas Corson.

filed his claim of interest nearly five and one half years ago. Rather, the last-minute filing of these tends to confirm that no liens existed prior to 2017.

The evidence demonstrates Ponzo was neither an owner nor a lienholder of any interest in the vehicular properties at the time he filed his claim of interest. Ponzo cannot establish Article III standing after the fact. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 529 (2d Cir. 1999) ("The district court, in refusing to permit Cambio Exacto to file a notice of claim out of time and thereby acquire statutory standing, did not abuse its discretion in insisting that Cambio Exacto adhere to the Supplemental Rule [C(6)])"). Accordingly, the Court finds Ponzo lacks Article III standing to challenge the forfeiture of the Jeep, motorcycle, and Subaru.

**PONZO'S MOTIONS (DKT. 141, 142, 143, AND 152)**

Because Ponzo no longer has standing to contest forfeiture of any of the remaining defendant property items as discussed in detail above, the Court will deny the remaining motions filed by Ponzo as moot.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) United States' Motion to Dismiss (Dkt. 132) is **GRANTED in all aspects**;

2) The forfeiture claims of the United States are dismissed as to the following two items based on the value of the items and to allow them to be applied to satisfaction of prior pending legal obligations of Ponzo in the Boston criminal judgment:

    a. One Gold Colored Ring with a Clear Stone; and

b. Ten (10) gaming pieces from Las Vegas casinos.

3) The items listed in *United States v. Enrico Ponzo*, United States District Court for the District of Massachusetts (Boston), Criminal No. 97-40009-NMG, are hereby dismissed from this civil action as said items have already been forfeited in the Boston case pursuant to the order of that court (MA ECF No. 2197):

a. twenty-six (26) $50 bills, totaling $1,300;
b. one-hundred-twenty-two (122) $100 bills, totaling $12,200;
c. eight (8) $100 bills, totaling $800;
d. one (1) $50 bill, totaling $50;
e. one (1) $20 bill, totaling $20;
f. seventeen (17) $100 bills, totaling $1,700;
g. one (1) $10 bill, totaling $10; and
h. four (4) $1 bills, totaling $4.
i. one (1) $20 bill;
j. thirty-four (34) $50 bills;
k. one-thousand three (1,003) $100 bills;
l. three (3) $100 bills;
m. one (1) Austrian Gold Philharmonics 1-ounce gold coin;
n. twenty-one (21) American Gold Eagle Liberty 1-ounce gold coins;
o. twenty-six (26) Canadian Gold Maple Leaf 1-ounce gold coins;
p. three (3) Canadian Maple Leaf 1-ounce gold coins.

4) The claims of Enrico Ponzo against the following three items are hereby dismissed for lack of standing to claim these properties pursuant to 18 U.S.C. § 983(d)(6)(A) and (B)(i):

a. 2002 Harley-Davidson motorcycle, Idaho License xxM731, registered to Robert Lorenzo Corson;

b. 1952 Willys Jeep, Idaho License xxxD138, registered to Nicholas Robert Corson; and

c. 2002 Subaru Outback, VIN: xxxxxxxxxxxxx3958, registered to Kelly Verceles.

5) Motion to Suppress and Return Property and for Evidentiary Hearing (Dkt. 140) is **DENIED as MOOT;**

6) Motion to Suppress Evidence Seized Pursuant to Alleged Consent Search on March 28, 2011 (Dkt. 141) is **DENIED as MOOT;**

7) Motion for Return of Property (Dkt. 143) is **DENIED as MOOT; and**

8) Motion to Grant Unopposed Motions to Suppress and Return Property (Dkt. 152) **is DENIED as MOOT.**

UNITED STATES COURTS DISTRICT OF IDAHO

Dated: **March 14, 2017**

Honorable Candy W. Dale
United States Magistrate Judge